JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY J. MILLER, | ) CASE NO. CV 16-00227-RSWL (PJWx) |
| Plaintiff, | ) [~~PROPOSED~~] ORDER DENYING |
| | ) DEFENDANT'S MOTION TO PROCEED *IN* |
| v. | ) *FORMA PAUPERIS* AND REMANDING CASE |
| | ) TO SUPERIOR COURT |
| JOE BARBERA, ET. AL., | ) |
| Defendants. | ) |

Before the Court is Defendant Joe Barbera's motion to proceed *in forma pauperis* ("IFP"). For the following reasons, the motion is DENIED and the action is remanded to the Los Angeles Superior Court.

On January 12, 2016, Defendant, proceeding *pro se*, lodged a Notice of Removal accompanied by a request to proceed IFP, seeking to remove this unlawful detainer action from state court. The Court has denied the IFP application under separate cover. To prevent this action from remaining in jurisdictional limbo, however, the Court also issues this Order, remanding the case back to the Superior Court.

Simply stated, because Plaintiff could not have brought this action in federal court in the first place, there is no basis to remove it. To the extent that Defendant is seeking to federalize the case by raising federal claims in his defense, he cannot do so. The Court considers only the claims raised in the Complaint to determine

1  whether there is federal jurisdiction and does not take into account
2  any federal defenses or counterclaims Defendant raised (or could have
3  raised).  *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127
4  (1974) (explaining federal questions must be disclosed on the face of
5  the complaint as a defendant's reply is not a basis for federal
6  jurisdiction); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241,
7  1244 (9th Cir. 2009) (explaining federal defense does not create
8  federal jurisdiction if the complaint on its face does not present
9  federal question).

10      Plaintiff's unlawful detainer action does not raise a federal
11  question.  *See* 28 U.S.C. § 1331.  Additionally, the amount in
12  controversy is less than $10,000 and Plaintiff and Defendant are
13  California residents.  *See* Civil Cover Sheet at 1.  Thus, there is no
14  diversity jurisdiction.  *See* 28 U.S.C. § 1332.  For these reasons, the
15  case is subject to remand.  28 U.S.C. § 1441(a); *Exxon Mobil Corp v.*
16  *Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

17      Accordingly, IT IS ORDERED that: (1) this matter is REMANDED to
18  the Superior Court of California, 6230 Sylmar Ave., Van Nuys,
19  California, 91401, (2) the clerk shall send a certified copy of this
20  Order to the Superior Court and serve copies on the parties.

21      IT IS SO ORDERED.

22      DATED: January 22, 2016

23

24                                          R. GARY KLAUSNER
                                            UNITED STATES DISTRICT JUDGE

25  Presented by:

26

27

28  PATRICK J. WALSH
    UNITED STATES MAGISTRATE JUDGE

C:\Users\swilliam\AppData\Local\Temp\notesC7A056\IFP. denial.removal.unlawful detainer Miller v Barbera.wpd